# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

DOMINICK J. PADULLA,            )
                                )
      Plaintiff,         )
                                )
vs.                             ) No. 11-5045-CV-SW-FJG
                                )
MICHAEL J. ASTRUE,              )
                                )
      Defendant.         )

## ORDER

      This case involves two applications for benefits under the Social Security Act. The first is an application for disability benefits under Title II of the Social Security Act 42 U.S.C. §§ 401 et seq. The second is an application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Plaintiff's applications for benefits were denied initially. Thereafter, plaintiff requested an administrative hearing. On September 30, 2009, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On March 3, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

      The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a

reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred when he arbitrarily determined plaintiff's residual functional capacity and failed to conduct the analysis required by SSR 96-8p. Plaintiff argues that the ALJ's RFC is not explicitly related to any specific medical evidence or testimony and the ALJ did not provide any type of reasonable narrative discussion as to how the medical evidence supports his conclusion that the plaintiff was capable of performing light work.  The ALJ states that he considered "opinion evidence" in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.  However, the ALJ fails to elaborate on whose opinion evidence he considered or what medical evidence he considered.  As the Court stated in Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007), "[b]ecause a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace."  In support of his RFC, the ALJ also stated that a medical expert with the State Agency determined that plaintiff could perform greater than light work activity.  However, an ALJ is not entitled to give any weight to the opinion of a lay person as being from a medical consultant. Holmes v. Astrue, No. 10-

2

3230-CV-S-RED, 2011 WL 1743309, *2 (W.D.Mo. 2011). The Commissioner argues that there is no indication that the ALJ relied on this opinion or based his RFC on the State Agency employee's assessment. However, without a more complete narrative of what formed the basis of the ALJ's RFC, it is impossible to tell what the RFC was based on. Accordingly, the Court finds that these errors require reversal and remand. Upon remand, the ALJ shall re-evaluate plaintiff's RFC and apply the correct legal standards when assessing the opinions of medical and non-medical sources.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: <u>September 10, 2012</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                        Chief United States District Judge